# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TERESA G. FIFE,**
**Claimant Below, Petitioner**

**FILED**

November 1, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0763** (BOR Appeal No. 2052621)
               (Claim No. 2017015187)

**SHOE SHOW, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Teresa G. Fife, by Counsel Gregory S. Prudich, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Shoe Show, Inc., by Counsel Lindsay S. Brennan, filed a timely response.

The issue on appeal is the authorization for medical treatment. The claims administrator denied Ms. Fife's request for a total knee replacement on December 6, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision in an Order dated February 16, 2018. This appeal arises from the Board of Review's Final Order dated August 1, 2018, in which the Board of Review affirmed the decision of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Fife indicated in her Employees' and Physicians' Report of Occupational Injury or Disease that on December 13, 2016, she slipped and fell over boxes while working for Shoe Show, Inc. She sought medical treatment at Princeton Community Hospital. During treatment, Ms. Fife reported that she had injured the same knee a few months earlier. An x-ray of her right knee showed mild hypertrophic degenerative bony changes and narrowing on the medial femorotibial joint space, progressed in the interval. The X-ray also showed soft tissue swelling, but no fracture. The treating physician indicated that the injury on December 13, 2016, aggravated Ms. Fife's prior

1

knee injury. On December 22, 2016, the claims administrator held the claim compensable for right knee strain.

On January 23, 2017, Ms. Fife sought treatment with Gary McCarthy, M.D., from Bluefield Orthopedics. He treated her with a cortisone injection to her right knee. Ms. Fife returned to Dr. McCarthy on February 13, 2017, and reported that the injection helped for a little while. Dr. McCarthy diagnosed Ms. Fife with a tear of the medial meniscus of the right knee. She underwent a right knee MRI on April 12, 2017.

On April 21, 2017, Ms. Fife was seen by Dr. McCarthy to discuss the results of her MRI. The MRI revealed moderate degenerative changes with joint space narrowing and osteophyte formation predominately involving the medial compartment. The MRI did not visualize the body of the medial meniscus, but the posterior horn of the medial meniscus was small. The radiologist conducting the study stated that the findings were compatible with a medial meniscus tear. Dr. McCarthy's assessment/plan was for Ms. Fife to continue her home exercise program.

Dr. McCarthy treated Ms. Fife again on May 22, 2017. There was tenderness of the medial femoral condyle, lateral joint line, medial joint line, medial tibial plateau, lateral femoral condyle and lateral tibial plateau. The assessment was idiopathic osteoarthritis. Dr. McCarthy recommended a total knee replacement. On May 23, 2017, Dr. McCarthy requested authorization for a total knee replacement and the addition of idiopathic osteoarthritis as a compensable diagnosis.

Ms. Fife was referred for an independent medical evaluation by Prasadarao B. Mukkamala, M.D. In his report dated September 21, 2017, he opined that Ms. Fife continues to have significant symptoms with relation to the right knee, and her ongoing symptoms are causally related to noncompensable underlying preexisting degenerative arthrosis. Dr. Mukkamala diagnosed Ms. Fife with sprain/contusion of the right knee and stated that she had reached her maximum degree of medical improvement. It was Dr. Mukkamala's professional opinion that the total knee replacement was requested to address preexisting noncompensable arthritis and is not required because of the compensable injury.

Ms. Fife testified at deposition on September 22, 2017, that she had worked for Shoe Show for twenty-eight years. As a manager, her responsibility was to help unload trucks, move merchandise, and stock, all while constantly walking. She stated that she had no prior pain, issues, or limitations with her right knee before her compensable injury of December 13, 2016. She testified that her knee was not working and she missed a lot of work due to her injury. She also testified that she only had one prior workers' compensation claim for her back and shoulder.

Dr. McCarthy was also deposed on September 22, 2017. When asked why Ms. Fife required a total knee replacement, Dr. McCarthy responded:

> [w]ell, in addition to her meniscal tear, she has joint space narrowing with osteophyte formation. She has a degenerative marrow signal in that part of the knee. Now if I was just to treat the meniscal tear, it would probably be

unsuccessful. In other words, she would still complain of pain over the medial side because of those degenerative changes.

Dr. McCarthy further testified that he relates the meniscal tear to her work-related fall. He stated that the osteoarthritis in the knee was probably preexisting. He testified that her problem is compounded in that she has a meniscal tear on a degenerative knee in the medial compartment. Dr. McCarthy was of the opinion that if you do not treat everything, then you are not going to get a good result. He testified that but for the injury of December 13, 2016, Ms. Fife would not need a total knee replacement. He stated that without surgery, she could expect deterioration.

Ms. Fife's prior medical records and the workers' compensation claim index demonstrate prior right knee injuries and diagnoses of preexisting degenerative osteoarthritis of the right knee. A medical report dated January 22, 2004, from Robert P. Kropac, M.D., of the Orthopedic Center of the Virginias, indicated a diagnosis of contusion of the right knee superimposed on preexisting degenerative arthritis and patellofemoral chondromalacia of the right knee. On April 3, 2008, Ms. Fife was treated at Bluefield Regional Medical Center for right knee pain and left heel pain after losing her balance and sliding down a ladder. The diagnoses were right knee arthralgia with crepitus with possible small effusion and left foot and heel spur with pain and contusion.

An expedited hearing was held on October 12, 2017, to protest the June 19, 2017, Order of the claims administrator denying the addition of osteoarthritis as a compensable condition and denying the authorization for a right knee replacement. By Decision dated November 7, 2017, the Office of Judges remanded the claim to the claims administrator for a determination to be made as to whether the condition of tear of medial meniscus of the right knee is a compensable condition in the claim. Based upon its finding in that regard, it also should be determined whether the treatment request should be granted for a total knee replacement. By Order of the claims administrator dated December 6, 2017, the request to update the compensable conditions to include meniscal tear was conditionally accepted.[1] On the same date, in a separate Order, the claims administrator denied the request to treat the conditionally approved condition of meniscal tear because a total knee replacement is not medically necessary to treat a meniscal tear and it is unrelated to the compensable condition. The Office of Judges reasoned that the request for a total knee replacement is to treat the idiopathic osteoarthritis/degenerative conditions, not to repair the conditionally accepted meniscal tear. Ms. Fife protested the claims administrator's Order.

In a Decision dated February 16, 2018, the Office of Judges concluded that Ms. Fife failed to show that the requested total knee replacement is medically related and reasonably required to treat the compensable condition of meniscal tear. The Office of Judges relied upon West Virginia Code of State Rules § 85-20-21 (2006), and stated that the Rule provides that the preexisting condition must aggravate the compensable injury for treatment of the preexisting condition to be authorized. The Office of Judges reasoned that regardless of whether she was symptomatic or not at the time of the December 13, 2016, right knee injury, the evidence shows that the preexisting

---

[1] The request to update the compensable conditions was conditionally accepted to include meniscal tear because of an inability to obtain medical records from Princeton Community Hospital due to Ms. Fife's failure to provide a medical records release.

osteoarthritis is not aggravating the compensable meniscal tear. In this case, the compensable injury is aggravating Ms. Fife's preexisting osteoarthritis. The Office of Judges concluded that the preponderance of the evidence indicates that she has not shown that the claims administrator erred in denying her request for total knee replacement. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on August 1, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code of State Rules § 85-20-21) states, "[p]re-existing conditions which prevent recovery but do not aggravate the compensable injury shall not be covered." The Office of Judge determined that Ms. Fife's preexisting osteoarthritis is not aggravating her compensable condition. The Board of Review did not err in affirming that the total knee replacement should not be authorized because it is not medically related and reasonably required treatment for the compensable condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman